J-S25015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELDRICK TAYLOR | : | |
| | : | |
| Appellant | : | No. 111 EDA 2020 |

Appeal from the PCRA Order Entered November 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012527-2010,
CP-51-CR-0012528-2010

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                Filed: September 23, 2021

Appellant, Meldrick Taylor, appeals from the post-conviction court's November 5, 2019 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.[1]

The Commonwealth summarized the facts of Appellant's underlying convictions, as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We recognize that Appellant filed a single notice of appeal listing two separate docket numbers, which facially violates the holding of **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) ("[T]he proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket.  The failure to do so requires the appellate court to quash the appeal.").  We address this issue in further detail, *infra*.

On June 25, 2010, [Appellant, who was 17 years' old at the time,] shot and killed Demetrius Blackmon, who had been walking with … Justin Taylor [("hereinafter, J. Taylor")] near Wyoming Avenue and Hurley Street in Philadelphia. [Appellant] also shot [J.] Taylor in the back of the shoulder. When he was still alive, … Mr. Blackmon managed to go into Edward Negron's house that was near[] the crime scene and asked Mr. Negron to get rid of his gun.

Police Officers … arrived at the crime scene after … [J.] Taylor asked bystanders for help. On their way to the hospital, … [J.] Taylor told police that "Ricky from Luray Street" had shot him. … [J.] Taylor later identified [Appellant] as the shooter at trial.

Commonwealth's Brief at 2-3 (citations to the record omitted).

On December 21, 2012, a jury convicted Appellant of first-degree murder, attempted murder, aggravated assault, possessing an instrument of crime, and firearm violations.[2] On March 8, 2013, Appellant was sentenced to 35 years' to life imprisonment for the murder conviction,[3] and a consecutive term of 5 to 10 years' incarceration for the attempted murder offense. He received no further penalty for the remaining convictions. Appellant filed a timely post-sentence motion, which was denied by operation of law on July 10, 2013. He did not file a direct appeal.

_____

[2] Appellant was charged in two separate cases that were consolidated for trial.

[3] **See** 18 Pa.C.S. § 1102.1(a)(1) ("A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows: (1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life.").

Appellant thereafter litigated his first PCRA petition, which was ultimately denied by the PCRA court. On appeal, we affirmed the court's order denying post-conviction relief, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *See Commonwealth v. Taylor*, 158 A.3d 169 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 167 A.3d 703 (Pa. 2017).

On March 10, 2017, Appellant filed his second, *pro se* PCRA petition, which underlies the present appeal. Therein, he alleged that he had discovered a 'new fact' that former Philadelphia Police Detective Ronald Dove (hereinafter, "Dove") had been "indicted on criminal charges." *Pro Se* Petition, 3/10/17, at 3. Appellant claimed that Dove "was active on [Appellant's] case and ha[d] corrupted and tainted the outcome." *Id.* Appellant also vaguely contended that a "witness testified on record that the police threatened to let him die if he didn't give a name. The witness was also in possession of a firearm on the scene of the crime and was never charged for the weapon." *Id.* at 4. Appellant did not name the witness to whom he was referring. As for witnesses he intended to call at a PCRA hearing, Appellant listed his prior PCRA counsel, John P. Cotter, Esq., who had allegedly sent him a letter informing him of Dove's indictment.

On April 11, 2019, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely and did not invoke any of the timeliness exceptions set forth in 42 Pa.C.S. § 9541(b)(1)(i)-(iii). Rule 907 Notice, 4/11/19, at 1 (single page).

The court observed that Appellant had "neither pled nor prove[n] any facts that could support his petition" because he failed to "state how [his] criminal case was tainted" by Dove's misconduct. *Id.*

On May 1, 2019, Appellant filed a *pro se* response, entitled "Proposed Amendment/Supplement to the PCRA." Therein, Appellant for the first time named J. Taylor as the witness who was allegedly denied medical treatment until he implicated Appellant, and who had not been charged with possession of a firearm despite having a gun on his person at the time of the shooting. *See* Proposed Amendment, 5/1/19, at 12-13. Appellant also claimed, for the first time, that Dove had worked with former Philadelphia Police Detective James Pitts (hereinafter, "Pitts"), who had been found to have used coercive interrogation tactics in other cases. *Id.* at 9-10. According to Appellant, the misconduct by Dove and Pitts in other cases showed that they "likely orchestrated the lies and misstatements" testified to by J. Taylor. *Id.* at 10.

Additionally, Appellant contended that "Dove['s] and … Pitts' corrupt practices and unconstitutional tactics were part of a larger practice in effect within the Philadelphia Homicide Unit and facilitated by the Philadelphia District Attorneys and Assistants going back decades." *Id.* at 11. Appellant averred that a hearing was necessary "to further develop the factual record." *Id.* at 14. He stated that he would call Dove and Pitts to the stand if a hearing were held. *Id.* at 15.

On November 5, 2019, the PCRA court issued an order dismissing Appellant's petition as untimely. Appellant filed a timely, *pro se* notice of

appeal on December 2, 2019.[4]  On January 17, 2020, the court ordered

Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained

of on appeal.  Appellant, who had retained private counsel at that point, failed

to file a Rule 1925(b) statement.  The PCRA court issued a Rule 1925(a)

opinion on August 31, 2020, concluding that Appellant's petition was untimely

and that it met no exception to the PCRA's timeliness requirement.[5]

On September 28, 2020, Appellant's counsel filed a petition to remand

for the filing of a Rule 1925(b) statement.  On October 26, 2020, we remanded

---

[4] The PCRA court's order notified Appellant of his appeal rights, stating: "You have thirty (30) days from the date of the order to file **a** notice of appeal to the Superior Court of Pennsylvania."  Order, 11/5/19, at 1 (unnumbered; emphasis added).  The order also repeatedly used the singular phrase, "the notice," when explaining where and how Appellant should file/serve his notice of appeal.  *See id.*  Our Court has declined to quash appeals that violate *Walker* in similar circumstances, concluding that the misleading language of the court's orders constitutes a breakdown in the court system.  *See Commonwealth v. Larkin*, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*) (finding a breakdown in the court system and declining to quash where "the order informing Larkin of his appellate rights provided 'Petitioner has thirty (30) days from the date of this order to file **an** appeal'") (emphasis in original); *Commonwealth v. Stansbury*, 219 A.3d 157, 159 (Pa. Super. 2019) (declining to quash where the PCRA court advised Stansbury that he could file "**a** written notice of appeal to the Superior Court" and utilized the singular in advising Stansbury where to file the notice) (emphasis in original).  Thus, we likewise decline to quash Appellant's appeal in this case.

[5] We observe, however, that the PCRA court essentially rejected Appellant's petition on the merits.  For instance, the court stated that Appellant made only "sweeping statements" and "unsubstantiated claims" that Dove's indictment "corrupt[ed] his criminal case" based on "unconstitutional practices."  PCRA Court Opinion, 8/31/20, at 4.  The court observed that "Dove's indictment does not in and of itself substantiate [Appellant's] claim that his due process rights were violated."  *Id.*

for Appellant to file a concise statement, after which the court would file a supplemental opinion. On remand, Appellant complied with our order, and the court filed a supplemental opinion on December 18, 2020. In the court's opinion, it changed course from concluding that Appellant's petition was untimely, to determining that he had met the 'new fact' exception of 42 Pa.C.S. § 9545(b)(1)(ii). *See* PCRA Court Opinion ("PCO"), 12/18/20, at 6. Nevertheless, the court rejected Appellant's request for a new trial, reasoning that he had "failed to show that evidence of Dove's indictment and subsequent conviction would have compelled a different verdict." *Id.* at 7.

On appeal, Appellant raises one issue for our review: "Since the PCRA court now considers the petition[] timely, did the PCRA court err by dismissing the petition without an evidentiary hearing as there was a material issue of fact as to whether or not … [D]ove and … Pitts were involved in [Appellant's] case[,] and to what extent there was a prejudicial impact on Appellant's case?" Appellant's Brief at 2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including

- 6 -

a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed in March of 2017, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[6]

---

[6] An amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). That amendment applies to any claims arising on or after December 24, 2017.

Here, Appellant's judgment of sentence became final in 2013 and thus, his petition filed in 2017 is facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argued in his petition that his claim meets the after-discovered evidence exception of section 9545(b)(1)(ii). In agreeing with Appellant, the PCRA court reasoned that Appellant's "newly[-]discovered evidence, Dove's indictment, was previously unknown to him and could not have been ascertained earlier through the exercise of due diligence. … Since [Appellant] learned that Dove had been indicted in March [of] 2017 and filed his petition within 60 days, this issue is timely." PCO at 6. In the Commonwealth's appellate brief, it concedes that Appellant has met the after-discovered evidence exception. *See* Commonwealth's Brief at 12.

The record supports the PCRA court's decision. Appellant claimed in his petition that he discovered the evidence of Dove's indictment when his former counsel, Attorney Cotter, sent him a letter in March of 2017, and he filed his petition within 60 days of receiving that letter. The court credited Appellant's claim that he did not know this fact previously, and that he could not have discovered it sooner in the exercise of due diligence.[7] Given this record, we will not disturb the court's timeliness decision on appeal.

---

[7] Appellant did not specifically explain in his PCRA petition why he could not have discovered Dove's misconduct earlier. However, we can discern no
*(Footnote Continued Next Page)*

Regarding the merits of Appellant's underlying after-discovered evidence claim, we begin by noting that,

[i]n order to be granted a new trial based on after-discovered evidence, appellant must show the evidence:

1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence;

2) is not merely corroborative or cumulative;

3) will not be used solely to impeach the credibility of a witness; and

4) is of such nature and character that a different verdict will likely result if a new trial is granted.

*Commonwealth v. Randolph*, 873 A.2d 1277, 1283 (Pa. 2005) (citation omitted).

Here, as stated *supra*, the PCRA court rejected Appellant's claim because he "failed to show that evidence of Dove's indictment and subsequent conviction would have compelled a different verdict." PCO at 7. The court explained:

In his petition, [Appellant] argue[d] that Dove and … Pitts were corrupt and that their pattern and practice of "coercive techniques," "corrupt customs," and "unconstitutional practices" were used in his own case. He argue[d] that J. Taylor … was denied medical assistance by police until he implicated [Appellant] as the shooter. [Appellant] further claims that J. Taylor had a gun

_____

reason that would have compelled Appellant to investigate whether Dove, who had no involvement in his case, was being accused of wrongdoings. Moreover, we do not presume that *pro se*, incarcerated prisoners know information which is of public record. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). Thus, we agree with the PCRA court that Appellant exercised due diligence in discovering and raising his after-discovered evidence claim.

- 9 -

when police arrived on the scene and should have been charged with a felony but that he "continued to lie to protect himself from being charged" and that J. Taylor had "[] a continuing interest in [the police's] favor." All of these claims are nothing more than speculation[,] as [Appellant] has not produced any evidence to support them. In addition, [Appellant] has not established any nexus between his case and Dove's misconduct. ***See Commonwealth v. Foreman***, 55 A.3d 532 (Pa. Super. 2012) (holding that [the] petitioner's "new evidence" regarding criminal charges against [a] detective who testified in [his] criminal trial did not warrant PCRA relief where [the] detective's alleged misconduct took place more than two years after [the d]efendant's conviction). … [Appellant] has not presented any evidence that Dove was engaged in misconduct in [Appellant's] own case[,] beyond his own speculation regarding J. Taylor's motives for implicating [Appellant] as the shooter. [Appellant] has provided zero proof that J. Taylor's medical care was intentionally withheld by police or that J. Taylor was not charged with a gun crime in exchange for his cooperation. Since [Appellant] has failed to show that his after-discovered evidence would have compelled a different verdict at trial, no relief is due.

***Id.*** at 7-8 (citations to the record omitted).

Initially, the court's reference to Appellant's failure to present "evidence" or "proof" to support his claims is improper, as there was no hearing at which Appellant could have done so. Notwithstanding, we agree with the court that Appellant's pleadings failed to demonstrate a material question of fact to warrant a hearing. This Court has explained:

When reviewing the denial of a PCRA petition without an evidentiary hearing, we "determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Burton***, 121 A.3d 1063, 1067 (Pa. Super. 2015) (quoting ***Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008)), *affirmed*, … 158 A.3d 618 ([Pa.] 2017). "[W]hen there are no disputed factual issues, an evidentiary hearing is not required…" ***Commonwealth v. Morris***, … 684 A.2d 1037, 1042 ([Pa.] 1996). We review the

- 10 -

PCRA court's legal conclusions *de novo*. *See Burton*, 121 A.3d at 1067.

*Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa. Super. 2018).

Presently, Appellant does not dispute the Commonwealth's position that neither Dove nor Pitts had *any involvement* in his case. *See* Commonwealth's Brief at 3-5 (stating the names of the five detectives involved in this case and listing their actions during the course of the investigation). Rather, Appellant essentially argues that, because Dove and Pitts worked in the same unit as the detectives who handled Appellant's case, he is entitled to a hearing to permit him to explore whether "something nefarious … was going on in the Homicide Unit of the Philadelphia Detectives from 2008 to 2013 approximately." Appellant's Brief at 6. He claims that his case is distinguishable from *Foreman* because Dove's and Pitts' misconduct allegedly "occurred in or about the same years that Appellant's case occurred and was being investigated[,] thus [making] the temporal connection … much stronger…." *Id.* at 4-5. Appellant insists that "[t]he nexus here between the misconduct [of Dove and Pitts] and Appellant's case is that every single detective who testified at Appellant's trial was [part] of the Homicide Unit who worked along with … Pitts and [D]ove at the same time this misconduct occurred[,] and when Appellant was investigated in 2010 and on." *Id.* at 5 (footnote omitted).

Appellant's argument is unconvincing. First, he ignores the fact that the detective in *Foreman* had *directly investigated* Foreman's crimes and testified in Foreman's case. *See Foreman*, 55 A.3d at 533-34. To the

- 11 -

contrary, neither Dove nor Pitts had any involvement in Appellant's case. Thus, Appellant's attempt to distinguish **Foreman** is unconvincing.

Second, this Court's decision in **Commonwealth v. Brown**, 134 A.3d 1097 (Pa. Super. 2016), supports the PCRA court's determination that a hearing was not warranted in this case. There, Brown sought a hearing based on after-discovered evidence of two newspaper articles discussing the misconduct of Dove and Pitts in unrelated cases. **Id.** at 1108. Dove and Pitts had both been directly involved in Brown's case, taking statements from Brown and another witness, who later recanted that statement. **Id.** Despite this direct involvement, we concluded that Brown was not entitled to an evidentiary hearing to explore whether Dove and/or Pitts had committed misconduct in his case. **Id.** at 1108-09. We reasoned that, with respect to Dove, Brown had relied only "on [a] newspaper article reporting on Dove's possible misconduct" in an unrelated case, and he did "not articulate what evidence he would present at the evidentiary hearing on remand." **Id.** at 1109. Pertaining to Pitts, Brown only specified witnesses that he would call to testify about Pitts' improper interrogation techniques in other cases. **Id.** We concluded that, absent proof that Pitts had committed misconduct in Brown's case, the evidence of his improper interrogation tactics from other cases could only be used by Brown to attack Pitts' credibility, which cannot satisfy the after-discovered evidence test. **Id.** Therefore, because "an evidentiary hearing is not meant to function as a fishing expedition for any

possible evidence that may support some speculative claim," we held that Brown had not demonstrated that a hearing was warranted. ***Id.***

Likewise, in this case, Appellant has failed to "establish a nexus between his convictions and these two detectives' misconduct in the unrelated cases." Commonwealth's Brief at 14; ***see also*** PCO at 7. Indeed, Appellant has presented even less cause for a hearing than the petitioner in ***Brown***, as neither Dove nor Pitts had any involvement in his case. Moreover, as in ***Brown***, Appellant has only presented speculative allegations, and has not articulated what specific evidence he would present at a hearing to meet the after-discovered evidence test. Therefore, we conclude that the PCRA court did not err by denying his petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/21